# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID Nos. 1708002212 and** |
| | ) | **and 0911009189** |
| | ) | **Cr. A. Nos. IN17-08-0842, etc.** |
| **BRYAN D. ROBERTS,** | ) | |
| **Defendant.** | ) | |

Submitted: September 5, 2019
Decided: November 27, 2019

## <u>ORDER DENYING MOTIONS FOR CREDIT TIME</u><br><u>TO REDUCE OR MODIFY SENTENCE</u>

This 27th day of November, 2019, upon consideration of the Defendant Bryan D. Roberts's *Pro Se* Motions for Additional Credit Time (D.I. 58) and Sentence Reduction or Modification (D.I. 56 and 57), the State's response to those motions (D.I. 61), Roberts' reply (D.I. 62), and the record in this matter, it appears to the Court that:

(1)     On September 18, 2017, a New Castle County grand jury indicted Roberts for Possession of a Firearm By a Person Prohibited (PFBPP), Possession of Ammunition By a Person Prohibited, Carrying a Concealed Deadly Weapon, and Possession of Drug Paraphernalia.[1]

---

[1]     Indictment, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Sept. 18, 2017) (D.I. 2).

(2) After a three-day jury trial conducted in March 2018, Roberts was convicted of all charges.[2] After his counsel successfully argued for and obtained Roberts a new trial,[3] Roberts pleaded guilty to the PFBPP count. The plea was a consolidated resolution of these new charges and Roberts' then-pending probation violation from earlier robbery and attempted robbery convictions.[4] Roberts pled in exchange for dismissal of the remaining charges and the State's favorable sentencing recommendation (a total cap of seven years unsuspended imprisonment with other terms).[5]

(3) Roberts' sentencing occurred several months later, after a presentence investigation report was prepared. Roberts was sentenced to: (a) PFBPP (IN17-08-0842) – 15 years at Level V, suspended after five years for ten years at Level IV (DOC Discretion), suspended after six months for two years at Level III; (b) VOP-Robbery First Degree

---

[2] Verdict Form, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Mar. 9, 2018) (D.I. 27).

[3] D.I. 29-38.

[4] Plea Agreement and TIS Guilty Plea Form, *State v. Bryan D. Roberts*, ID Nos. 1708002212 and 0911009189 (Del. Super. Ct. May 7, 2018) (D.I. 41).

[5] *Id.*

(VN09-11-1580-03) – one year at Level V; and (c) VOP-Attempted Robbery First Degree (VN09-11-1581-02) – six days at Level V.[6]

(4)     The five-year term of imprisonment for PFBPP is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[7]  As required by then-extant law, Roberts term of confinement for PFBPP could not be made to run concurrently with either VOP sentence.[8]  Nor could the VOP sentences run concurrently with each other as one arose from his prior robbery conviction.[9]  Consequently, Roberts must serve a cumulative unsuspended six-year and six-day Level V term before he transitions to

---

[6]     Sentencing Order, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Aug. 10, 2018) (D.I. 44); VOP Sentencing Order, *State v. Bryan D. Roberts*, ID No. 0911009189 (Del. Super. Ct. Aug. 10, 2018) (D.I. 46).

[7]     DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) ("[A] prohibited person . . . who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of . . . [f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony. . .").

[8]     DEL. CODE ANN. tit. 11, § 3901(d) (2017) ("[N]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony. . .").

[9]     *See id.* ("[N]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . Robbery in the first degree. . .").

community supervision. And that combined sentence's effective date is August 4, 2017.[10]

(5) Roberts filed no direct appeal from his conviction, violation of probation, or their sentences.[11]

(6) Roberts has now filed the instant applications requesting some form of sentencing relief: (a) a Rule 35(b) (D.I. 57); (b) a letter that supplements that Rule 35(b) application and requests retroactive application of recent amendments to 11 *Del. C.* § 3901(d) (D.I. 56); and, (c) a motion for additional credit time (D.I. 58).

(7) Upon review of the parties' recent filings, it appears any disagreement regarding the calculation of Roberts' credit time has been resolved. The State reports that any error Roberts claims was in his Department of Correction Offender Status Sheet has been corrected and Roberts has received credit for the 12 days he says were previously unaccounted for.[12] Roberts agrees in his reply that any claimed error has been

---

[10] Sentencing Order, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Aug. 10, 2018) (D.I. 44); VOP Sentencing Order, *State v. Bryan D. Roberts*, ID No. 0911009189 (Del. Super. Ct. Aug. 10, 2018) (D.I. 46).

[11] But Roberts did file a timely motion for postconviction relief under Superior Court Criminal Rule 61. This Order does not dispose of that Rule 61 motion. Instead, by separate order, that motion is referred to a Commissioner under Superior Court Criminal Rule 62 for the purpose of assisting the Court in deciding Roberts' postconviction issues.

[12] *See* State's Resp., Ex. A.

corrected.[13] It is clear that request for additional credit time (D.I. 58) is, therefore, **MOOT.**

(8)     Roberts also docketed a separate motion under Superior Court Criminal Rule 35(b) requesting reduction of his Level V term.[14] He asks now that the Court order his mandatory term of confinement imposed for PFBPP and his VOP terms be deemed to have run concurrently.[15] In effect, this would reduce his prison term by one year and six days. According to Roberts, this relief is permitted by "New 'State Bill 5'" and is appropriate because of his rehabilitative efforts, acceptance of responsibility, and familial hardship.[16]

(9)     The Court may consider such a motion "without presentation, hearing or argument."[17] The Court will decide his motion on the papers filed and the complete sentencing record in Roberts' case.

---

[13]     D.I. 62.

[14]     D.I. 56 and 57; *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[15]     Def. Rule 35(b) Mot., at 3; Def. Supp., at 1.

[16]     Def. 2nd Rule 35(b) Mot., at 2.

[17]     Super. Ct. Crim. R. 35(b).

(10) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[18]

(11) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly – i.e. within 90 days of the sentence's imposition – 'otherwise, the Court loses jurisdiction' to act thereon."[19] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[20] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[21]

(12) Roberts filed this motion almost a year after he was sentenced.[22] But his claims of rehabilitative efforts, acceptance of responsibility, and

---

[18]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[19]  *Redden*, 111 A.3d at 607 (internal citations omitted).

[20]  *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[21]  *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[22]  And almost two years after the effective date of his cumulative sentence.

familial hardship are not "extraordinary circumstances" under Rule 35(b).[23] Thus, those suggested factors do not permit consideration of Robert's time-barred prayer for sentence reduction.

(13) To the extent Roberts believes that "House Bill 5"[24]—which recently further expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive terms of confinement—provides some exceptional avenue for relief under Rule 35(b),[25] he is incorrect. "Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[26] And so, such

---

[23] *E.g., State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Jones v. State*, 2003 WL 356788 (Del. Feb. 14, 2003) (holding that financial and familial hardships, without more, did not constitute extraordinary circumstances); *Boyer v. State*, 2003 WL 21810824, at *5 (Del. Aug. 4, 2003) (this Court acted within its discretion when it found that, even with other issues raised, defendant's familial hardships did not amount to extraordinary circumstances).

[24] *See* Del. H.B. 5 § 1, 150th Gen. Assem., 82 DEL. LAWS ch. 66, § 1 (2019) (*amending* DEL. CODE ANN. tit. 11, § 3901(d)).

[25] Def. Rule 35(b) Mot., at 2 (stating passage of "New 'State Bill 5'" is basis for his Rule 35(b) motion); Def. Supp., at 1 (suggesting "New Bill (State Bill 5)" excuses the untimeliness of his motion); Def. Reply, at 1 (invoking Rule 35(b)).

[26] *State v. Thomas*, --- A.3d ---, 2019 WL 5704287, at *2 (Del. Super. Ct. Oct. 31, 2019).

subsequent statutory changes simply do not meet Rule 35's "extraordinary circumstance" criterion.[27]

(14) Lastly, Roberts is asking for the retroactive application of the 2019 Amended Sentencing Act (*i.e.*, "House Bill 5")—a sentencing reform provision enacted while he was already in prison serving his sentence. He suggest that there must be some alternate inherent mechanism within the within the 2019 Amended Sentencing Act's enactment that permits the Court to modify its original sentencing judgement and now deem his PFBPP and VOP terms of confinement to have been running concurrently since August 2017.[28] But as this Court held recently, "the General Assembly neither provided for such retroactivity explicitly nor included special procedures to address its retrospective application."[29] Thus, application of the 2019 Amended Sentencing Act to modify the terms of Roberts' sentence and order certain periods of his confinement to run (or deem those periods to have been running) concurrently is prohibited.[30]

---

[27]     *Id.* at 3.

[28]     Def. Reply Ltr., at 1 (stating he was "unaware of the type of motion to file to ask for the two terms to be ran concurrently" but was "made aware . . . [his sentence] could still be modified" to do so applying the 2019 amendments to 11 *Del. C.* §3901(d)).

[29]     *Thomas*, --- A.3d ---, 2019 WL 5704287, at *5.

[30]     *Id.*

**NOW, THEREFORE, IT IS ORDERED** that Roberts' motion for reduction or modification of sentence is **DENIED**.

**SO ORDERED this 27th day of November, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     James K. McCloskey, Deputy Attorney General
        Timothy J. Weiler, Esquire
        Mr. Brian D. Roberts, *pro se*